RUCKER v MICHIGAN BOARD OF MEDICINE

Docket No. 69893. Submitted May 8, 1984, at Lansing.—Decided June 22, 1984.

The Michigan Board of Medicine issued an order revoking the license of Joseph W. Rucker, M.D., to practice medicine, having found that Rucker failed to meet minimal standards of medical practice. Rucker petitioned the Ingham Circuit Court for review of the revocation order. That court, Thomas L. Brown, J., affirmed the order. Rucker appealed, alleging that the alleged minimal standards are unconstitutionally vague and that the burden of proof in a license revocation hearing should be that of clear and convincing evidence. *Held:*

1. The language of the former Medical Practice Act, under which this case was decided, was sufficiently certain and definite to allow the Board of Medicine to determine whether the petitioner's actions constituted a violation of minimal standards.

2. The proper standard of proof in an administrative disciplinary hearing against a physician is that of a preponderance of the evidence. In this case that burden was sustained.

Affirmed.

1. PHYSICIANS AND SURGEONS — MINIMUM STANDARDS — MEDICAL PRACTICE ACT — BOARD OF MEDICINE.

The language of the former Medical Practice Act relating to minimum standards to be met by physicians was sufficiently certain and definite, being written in terms having well-recognized meanings, to allow the Board of Medicine to determine whether the actions of a physician constituted a violation of minimal standards (MCL 338.1811; MSA 14.542[11], now MCL 333.16221; MSA 14.15[16221]).

2. PHYSICIANS AND SURGEONS — DISCIPLINARY HEARINGS — STANDARD OF PROOF.

The proof necessary to meet the burden of persuasion in an

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 205 *et seq.*

[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 111, 145.

administrative disciplinary hearing against a physician is that of a preponderance of the evidence.

*Gregory Fisher Lord,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gay S. Hardy,* Assistant Attorney General, for respondent.

Before: V. J. BRENNAN, P.J., and R. B. BURNS and C. R. COLEMAN,* JJ.

PER CURIAM. On December 12, 1980, petitioner, Joseph W. Rucker, M.D., petitioned the Ingham County Circuit Court for review of the November 14, 1980, final order of respondent, Board of Medicine, revoking petitioner's license to practice medicine. In accordance with Judge Thomas L. Brown's opinion of January 20, 1983, an order was entered on February 9, 1983, affirming the final order of the Board of Medicine. Petitioner appeals as of right.

Petitioner says that the alleged minimal standards are not adequately proven on the record and also are unconstitutionally vague.

Section 11 of the former Medical Practice Act, MCL 338.1811; MSA 14.542(11), stated in part:

"(1) The board may revoke, suspend, place on probation, or reprimand the holder of a license, or refuse to reregister or reinstate a license for unprofessional conduct.

"(2) The board may refuse to issue or continue a certificate of registration or license to a person guilty of unprofessional and dishonest conduct. As used in this act, 'unprofessional and dishonest conduct' means any of the following:

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

\* \* \*

"(i) A departure from, or the failure to conform to, minimal standards of acceptable and prevailing medical practice, whether or not actual injury to a patient is established."

This language is sufficiently certain and definite, being in terms having well-recognized meanings. It is, therefore, proper for the Board of Medicine, having education and experience, to determine whether petitioner's actions constituted a violation of minimal standards. See *Sanchick v State Board of Optometry,* 342 Mich 555; 70 NW2d 757 (1955); *Warnshuis v State Bd of Registration in Medicine,* 285 Mich 699; 281 NW 410 (1938).

Further, petitioner says that due process required that a more stringent standard of proof, the "clear and convincing" standard, be applied in license revocation hearings.

Petitioner is wrong. the quantum of proof necessary to meet the burden of persuasion in an administrative disciplinary hearing against a medical physician is that of a preponderance of the evidence. Our review of the facts here indicates that the burden was sustained.

Affirmed.