■ In the Matter of ANDREW MARTIN, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Main, J. P. Appeal from an amended judgment of the Supreme Court at Special Term (Kahn, J.), entered February 10, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent Commissioner of Education's determination finding petitioner guilty of disciplinary charges.

The facts underlying this proceeding are clearly set forth in our prior decision in this matter (*Matter of Martin v Ambach,* 85 AD2d 869, *revg* 104 Misc 2d 938). At that time, we dismissed the petition, noting that judicial review was improvident inasmuch as respondent Commissioner of Education's determination provided for remand and was subject to further administrative review (*supra,* p 871). The Court of Appeals affirmed for the reasons stated in this court's decision (*Matter of Martin v Ambach,* 57 NY2d 1001). It now appears that the hearing panel, on

remand, determined that the charge alleged in specification two was not proven by even substantial evidence and that no additional penalty was required as a consequence of respondent Commissioner's finding that petitioner was guilty of the charge alleged in specification three. Petitioner then commenced this proceeding to challenge respondent Commissioner's determination.[1] Special Term dismissed the petition, finding that there was a rational basis to support the determination of guilt as alleged in specification three and that petitioner was not aggrieved as to the determination of not guilty as alleged in specification two. This appeal by petitioner followed.[2]

Before addressing the merits of this proceeding, we feel compelled to draw to the attention of the Legislature certain differences in the conduct of administrative disciplinary proceedings involving various licensed vocations. With regard to certain professions, a hearing panel is now required to base its determination of guilt on a preponderance of the evidence (Education Law § 6510 [3] [c]; see, L 1984, ch 1018, § 5). Likewise, with regard to the medical profession, the conclusion of the State Board for Professional Medical Conduct must now be based on a preponderance of the evidence (see, Education Law § 6510-a [1]; Public Health Law § 230 [10] [f]; L 1984, ch 1005, § 3). With regard to teachers, however, no statutory standard of proof before a hearing panel is prescribed (Education Law § 3020-a [3] [c]), as is also the situation in attorney disciplinary proceedings (Judiciary Law § 90; see, Matter of Capoccia, 59 NY2d 549, 553). It is evident that these varied standards, certain of which have only recently been adopted to replace the substantial evidence standard (see, L 1984, ch 1005, § 3; ch 1018, § 5), have complicated cases such as the instant one, in which the proper standard of proof is at issue. We further add that, in light of our determination herein, this case does not present the opportunity to decide whether a standard of proof of less than a preponderance of the evidence in administrative disciplinary proceedings involving licensed and/or tenured professionals is constitutionally permissible.

On the merits, we first agree with Special Term's conclusion that petitioner was not aggrieved by the hearing panel's determination on the second specification and, therefore, cannot

---

1. Petitioner was entitled to commence this proceeding without further administrative appeal (Education Law § 3020-a [5]). Although this proceeding more properly challenges the hearing panel's determination and not, as framed by petitioner, respondent Commissioner's determination, we shall reach the merits because of the unusual posture of this case.

2. No appeal from a previous order denying his motion to dismiss has been perfected by respondent Commissioner and we, therefore, do not address this issue herein.

challenge it. Thus, petitioner is left to challenge the determinations on the first and third specifications, although his brief seems to concentrate on the third specification. In this regard, petitioner claims that the utilization by the hearing panel, at the direction of respondent Commissioner, of a substantial evidence standard of proof was irrational, arbitrary, capricious and a denial of due process. It appears that the standard of proof before the hearing panel in teacher disciplinary proceedings has traditionally been a preponderance of the evidence (*see, e.g., Matter of Strongin v Nyquist,* 44 NY2d 943, 944, *appeal dismissed* 440 US 901). Indeed, even after his determination herein, respondent Commissioner has not criticized the use by hearing panels of a preponderance of the evidence standard (*see, e.g., Matter of Board of Educ. of Highland Falls-Fort Montgomery Cent. School Dist.,* 22 Ed Dept Rep 96). In our view, respondent Commissioner cannot be permitted to require a standard of proof in this case which is at variance with similar cases decided earlier and later, especially without explaining why this case merits such different treatment (*see,* 5 NY Jur 2d, Article 78 and Related Proceedings, § 32, at 397). Thus, the departure in this case from the well-established, traditional preponderance of the evidence standard was arbitrary and capricious, and the hearing panel's determination based upon the less exacting substantial evidence standard cannot be permitted to stand.

Remittal of this case is unnecessary, however, because the first determination by the hearing panel was made using the preponderance of the evidence standard. In its initial determination, the hearing panel concluded that petitioner was guilty of the first specification but not guilty of the third specification, and our review of the record reveals that this determination should be upheld. In light of the proper standard having been correctly employed by the hearing panel in the first instance, further administrative action would be repetitive and wasteful. Accordingly, the hearing panel's initial determination should be reinstated.

Judgment reversed, on the law, with costs, and petition granted to the extent of reinstating the findings and recommendations of the hearing panel dated July 16, 1979. Main, J. P., Weiss, Mikoll, Yesawich, Jr. and Harvey, JJ., concur.