## Dr. Judy JOHNSON *v.* ARKANSAS BOARD OF EXAMINERS IN PSYCHOLOGY

90-356 808 S.W.2d 766

Supreme Court of Arkansas
Opinion delivered May 13, 1991

*Friday, Eldredge & Clark*, by: *C. Tab Turner*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Jack R. Kearney*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The Arkansas Board of Examiners in Psychology suspended appellant's psychologist license for having violated Rule 6(a) of the Psychologists Code of Ethics, which the Board adopted pursuant to Ark. Code Ann. § 17-96-203(5) (1987). The circuit court affirmed that part of the Board's decision finding she had sexual relations with her client in

violation of Rule 6(a).[1] She appeals that decision by challenging (1) the constitutionality of Rule 6(a) as being vague, arbitrary and violative of her rights of due process, and (2) the Board's finding that sufficient evidence existed to show a dual relationship existed between her and her client, Reid Morgan, which violated the terms of Rule 6(a). Appellant also contends that the Board improperly utilized a preponderance of the evidence standard of proof instead of a stricter or higher standard. We hold none of appellant's arguments have merit. Therefore, we affirm.

Rule 6(a) is the focus of appellant's arguments, and it provides as follows:

> a. Psychologists are continually cognizant of their own needs and of their potentially influential position vis-a-vis persons such as clients, students, and subordinates. They avoid exploiting the trust and dependency of such persons. *Psychologists make every effort to avoid dual relationships that could impair their professional judgment or increase the risk of exploitation.* Examples of such dual relationships include, but are not limited to research and treatment of employees, students, supervisees, close friends, or relatives. *Sexual intimacies with clients are unethical.* (Emphasis added.)

Appellant's constitutional argument is based on her assertion that Rule 6(a) fails to define the terms "dual relationships" or the depth of the phrase "sexual intimacies with clients." Nor, she continues, does the Rule provide guidance for the psychologist when determining when her or his client is ethically no longer a client under the terms of the Rule. Factually, appellant contends her professional relationship with Mr. Morgan had ended before she had any sexual intimacy with him and therefore her relationship with Morgan was not expressly or clearly prohibited by Rule 6(a).

 When considering the facts and the appellant's arguments in this case, we fail to see the vagueness the appellant

---

[1] The trial court reversed the Board's finding that appellant also violated the rule against having a business relationship with a client, but the Board does not challenge that ruling in this appeal.

attributes to Rule 6(a). Like statutes, we must presume the validity and constitutionality of the Board's rules or regulations and the words contained in them are given their plain and ordinary meaning unless there is an ambiguity. *See Rowell* v. *Austin*, 276 Ark. 445, 637 S.W.2d 531 (1982). Here, no ambiguity exists. Rule 6(a) clearly and unmistakenly declares sexual relationships with clients to be unethical. In this case, the dual relationship prohibited by Rule 6(a) is a psychologist's sexual contact with his or her client at the same time a professional or therapeutic relationship exists between the two.

As mentioned earlier, appellant argues that the record reveals no credible evidence that she maintained a personal or sexual relationship with Reid Morgan while he was her client. Appellant is clearly mistaken on this point. The record reflects the appellant began counseling Reid and his wife for marital problems on January 8, 1986. On August 9, 1986, the Morgans attended a social function with appellant, and according to Reid Morgan, appellant made "advances" to him that evening. By appellant's own appointment book, she saw Mr. Morgan in group session on September 8, 15 and 28, 1986. In addition, the Morgans each testified that they were billed for a counseling session on October 1, 1986. Mr. Morgan further related that he and appellant had intercourse on September 2, 1986. While appellant stated her therapeutic relationship with Mr. Morgan ended in August 1986, a clinical social worker's letter reflected the appellant and Mr. Morgan saw the social worker professionally on September 23, 1986, after which appellant and Morgan decided their therapeutic relationship should end immediately. Based upon the foregoing evidence, the circuit court upheld the Board's finding that the appellant engaged in a sexual relationship with Mr. Morgan when he was her client.

■ The court's standard of review is whether the Board's finding is supported by substantial evidence. *Reed* v. *Alcoholic Beverage Control Bd.*, 295 Ark. 9, 746 S.W.2d 368 (1988). The question is not whether the testimony would have supported a contrary finding, but whether it supports the finding that was made. *Green* v. *Carder*, 282 Ark. 239, 667 S.W.2d 660 (1984). And whenever the record contains affirmative proof supporting the view of each side, we must defer to the Board's expertise and experience. *Id.*

■ Unquestionably, the evidence is in conflict as it bears on appellant's relationships with Mr. Morgan and when those relationships occurred. Nonetheless, the record here clearly reveals evidence that supports the Board's finding that the appellant violated the terms of Rule 6(a). In addition, we also have no hesitation in deciding that the terms of Rule 6(a) are quite clear in the type conduct a psychologist is prohibited from engaging in with a client, at least as those terms relate to the circumstances now before us. Accordingly, we hold Rule 6(a) is constitutional and meets the necessary requirements of due process.

In her third and final argument, appellant contends the Board utilized the wrong standard of proof, *viz.*, preponderance of the evidence, when finding her guilty of violating Rule 6(a). She urges that because this administrative proceeding against her involved the suspension of her psychologist license, a higher standard of proof such as clear and convincing evidence should be employed.

■■ Here, the Psychology Board of Examiners' statutes and rules do not establish the standard of proof. Traditionally, the judiciary defines the burden of proof in an administrative proceeding when the legislature has failed to establish the degree of proof. *See Herman & McLean v. Huddleston*, 459 U.S. 375 (1983); *Steadman v. SEC*, 450 U.S. 91 (1980); *Woodby v. Immigration & Naturalization Serv.*, 385 U.S. 285 (1966). The traditional standard required in a civil or administrative proceeding is proof of preponderance of the evidence, *Bender v. Clark*, 744 F.2d 1424 (10th Cir. 1984), and our court has applied that standard in cases involving professional conduct of attorneys where sanctions were considered and imposed. *See Sexton v. Arkansas Supreme Court Comm. on Professional Conduct*, 299 Ark. 439, 774 S.W.2d 114 (1989); *Muhammed v. Supreme Court Comm. on Professional Conduct*, 291 Ark. 29, 722 S.W.2d 280 (1987). We are unaware of any reason why a different standard of proof should be applied to hearings before the Psychology Board of Examiners, nor does the appellant offer any convincing authority that a higher standard should be invoked.

For the reasons stated above, we affirm.

BROWN, J., not participating.