24206

In the Matter of Kenneth EDWARDS, Respondent.

(459 S.E. (2d) 837)

Supreme Court

---

*Attorney General T. Travis Medlock* and *Asst. Atty. Gen. James C. Bogle, Jr.,* Columbia, *for complainant.*

*Russell Brown,* Charleston, *for respondent.*

Heard Jan. 17, 1995.

Decided Feb. 27, 1995; Reh. Den. Mar. 22, 1995.

*Per Curiam:*

In this judicial disciplinary proceeding, the Board of Commissioners on Judicial Standards (Board) and a Panel of Hearing Masters recommended a public reprimand after finding respondent guilty of violating Cannons 1 and 2 of the Code of Judicial Conduct, Rule 501, SCACR. We agree and impose a public reprimand.

In 1992, respondent, while serving as a magistrate in Charleston County, was named as a defendant in a civil action. The attorneys representing the plaintiff in the civil action hired a process server, Michelle Leigh Fulghum, to serve the summons and complaint on respondent. On November 19, 1992, Ms. Fulghum went to the magistrate's office in North Charleston where she served respondent with the summons and complaint.

Four days later, respondent issued a bench warrant directing that Ms. Fulghum be arrested for contempt of court and "brought before [respondent] to be dealt with according to law."[1] That same day, after being informed about the bench warrant by a deputy sheriff, Ms. Fulghum voluntarily reported to the Charleston County Sheriff's Department where she was placed under arrest pursuant to the warrant. She remained in custody at the sheriff's department approximately three and one-half to four hours.

In determining that respondent's act of issuing the bench warrant violated Cannons 1 and 2 of the Code of Judicial Con-

---

[1] The bench warrant contained the following language:

Whereas, Leigh Fulghum did intentionally and wilfully enter the chambers of court, without consent or permission, in a vituperative and tumultous [sic] manner; and did with tumult enter the chambers of the court on November 19, 1992 and without properly identifying herself; and, by her actions did cause an undue disturbance while Magistrate Kenneth Edwards was sitting officially and performing his duties.

duct,[2] both the Board and the Hearing Masters found Ms. Fulghum properly served respondent with the summons and complaint without any disturbance or disruption of the magistrate's court and, therefore, respondent had no cause to issue the bench warrant for Ms. Fulghum's arrest. We conclude these findings are supported by clear and convincing evidence.

Respondent is guilty of judicial misconduct. His act of issuing the bench warrant, which resulted in the arrest and detention of Ms. Fulghum for contempt of court, erodes public of confidence in the integrity and impartiality of the judiciary. Accordingly, we publicly reprimand respondent for his conduct.

Public reprimand.

---

[2] Cannon 1 states in part as follows: "A judge should . . . observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved." Cannon 2 states in part as follows: "A judge should . . . conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Code of Judicial Conduct, Rule 501, SCACR.