496 S.E.2d 17

ANONYMOUS (M–156–90), Respondent,

v.

The STATE BOARD OF MEDICAL EXAMINERS, Petitioner.

No. 24754.

Supreme Court of South Carolina.

Heard Nov. 18, 1997.

Decided Jan. 26, 1998.

Richard P. Wilson, S. Phillip Lenski, and Richard W. Simmons, II, all of South Carolina Department of Labor, Licensing & Regulation; and Daryl G. Hawkins, of Lewis, Babcock & Hawkins, Columbia, for petitioner.

Charles E. Carpenter, Jr., and Deborah Harrison Sheffield, of Richardson, Plowden, Carpenter & Robinson, P.A.; Samuel F. Crews, III; and William H. Davidson, II, of Ellis, Lawhorne, Davidson & Sims, P.A., Columbia, for respondent.

MOORE, Justice:

We granted petitioner a writ of certiorari to review the Court of Appeals' decision in *Anonymous v. State Bd. of Med. Examiners*, 323 S.C. 260, 473 S.E.2d 870 (Ct.App.1996). We reverse.

## FACTS

In 1991, the State Board of Medical Examiners (Board) instituted disciplinary proceedings against respondent alleging he had engaged in unethical and unprofessional physical conduct during prostate examinations of eight patients. After a hearing, the panel issued its report finding respondent had committed misconduct with four patients by engaging in un-

ethical and unprofessional contact and conduct likely to deceive, defraud or harm the public, and respondent was deficient in moral character or professional competence. The panel recommended respondent undergo a psychiatric evaluation and his license to practice medicine be suspended pending the completion of the evaluation and a treatment plan.

In 1992, after a final hearing, the Board found misconduct, imposed a public reprimand, and placed respondent's license in a probationary status for an indefinite period, conditioned upon, *inter alia*, semi-annual appearances before the Board.[1] Respondent filed a motion to reconsider raising the issue of the correct standard of proof for an Administrative Procedures Act (APA) proceeding. The Board denied respondent's motion.

Respondent appealed to the circuit court pursuant to S.C.Code Ann. § 1–23–380 (Supp.1996). The circuit court reversed finding the final order was clearly erroneous and the evidence unreliable, not probative, and insubstantial. The Board appealed to the Court of Appeals.

The Court of Appeals reversed the circuit court and held the standard of proof in a professional disciplinary proceeding under the APA is clear and convincing evidence.[2] This issue was raised to the Court of Appeals as an additional sustaining ground by respondent.[3] The Court of Appeals reversed and

1. Between the panel hearing and the final hearing, respondent underwent a psychiatric evaluation. The psychiatrist testified at the final hearing that he found "no evidence of sociopathy and no evidence of sexual deviant practices or behavior."

2. " 'Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of facts a firm belief as to the allegations sought to be established. Such measure of proof is intermediate, more than a mere preponderance but less than is required for proof beyond a reasonable doubt; it does not mean clear and unequivocal.' *Middleton v. Johnston,* 221 Va. 797, 273 S.E.2d 800, 802. *Accord Clarke v. Cotton,* 207 Ga.App. 883, 429 S.E.2d 291 (1993)." *Peeler v. Spartan Radiocasting, Inc.,* 324 S.C. 261, 478 S.E.2d 282, 283 n. 4 (1996).

3. The South Carolina Department of Health and Environmental Control, Department of Revenue and Taxation, and Department of Insurance filed amicus curiae briefs in this case. All three basically espouse the view that the correct standard of proof should be preponderance of the evidence.

remanded for a *de novo* hearing for the Board to apply the clear and convincing standard.

## *ISSUES*

1) Was the standard of proof issue properly preserved?
2) Did the Court of Appeals err in holding the proper standard of review is clear and convincing evidence?

## *DISCUSSION*

1) Preservation

■ The Board contends the Court of Appeals erred in addressing the standard of proof issue because it was not preserved. Respondent raised the standard of proof issue for the first time when he moved for reconsideration before the Board. The Board did not raise this preservation issue to the Court of Appeals in its petition for rehearing. Therefore, whether respondent failed to properly raise the issue of the standard of proof is not properly before this Court. Rule 226(d)(2), SCACR. *Camp v. Springs Mtg. Corp.*, 310 S.C. 514, 426 S.E.2d 304 (1993) (Court will not address issue which Court of Appeals did not address in its opinion and was not raised in petition for rehearing).

2) Standard of proof

The Court of Appeals held the preponderance of the evidence standard in medical disciplinary proceedings is "inconsistent with due process." The Court of Appeals stated there is no reason to differentiate between attorney and medical disciplinary proceedings and adopted the clear and convincing standard for all professional disciplinary proceedings under the APA. We disagree.

■ "Absent an allegation of fraud or a statue or a court rule requiring a higher standard, the standard of proof in administrative hearings is generally a preponderance of the evidence.... Utilization of a higher level of proof is ordinarily reserved for situations where particularly important individual interests or rights are at stake, such as the potential deprivation of individual liberty, citizenship, or parental rights." 2 Am.Jur.2d *Administrative Law* § 363 (1994). Tra-

ditionally, the judiciary defines the standard when the legislature has not. *Johnson v. Arkansas Bd. of Examiners in Psychology,* 305 Ark. 451, 808 S.W.2d 766 (1991).

In *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), the United States Supreme Court held the proper standard of proof in parental rights termination proceedings is clear and convincing. The Court applied the factors enunciated in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), which govern a determination of what process is due under the fourteenth amendment: 1) the private interest affected by the proceeding; 2) the risk of erroneous deprivation of such interest; and 3) the government's interest supporting use of the challenged procedure. The United States Supreme Court has mandated a clear and convincing standard of proof when the individual interest involved is "particularly important" and "more substantial than the mere loss of money" or when there is involved a "significant deprivation of liberty." *Santosky,* 455 U.S. at 755, 102 S.Ct. at 1396; *Addington v. Texas,* 441 U.S. 418, 424, 99 S.Ct. 1804, 1808, 60 L.Ed.2d 323 (1979) (civil commitment); *Woodby v. INS,* 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966) (deportation); *Chaunt v. United States,* 364 U.S. 350, 81 S.Ct. 147, 5 L.Ed.2d 120 (1960) (denaturalization). Of course, state courts may provide more expansive rights under their own constitutions than the rights which are conferred by the United States Constitution. *PruneYard Shopping Center v. Robins,* 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980).

Several state courts have discussed these United States Supreme Court decisions in deciding which standard to apply.[4]

---

4. Many jurisdictions have held that the correct standard of proof is clear and convincing evidence in a medical disciplinary proceeding. *See e.g. Silva v. Superior Ct.,* 14 Cal.App.4th 562, 17 Cal.Rptr.2d 577 (1993) (clear and convincing standard—same as in attorney disciplinary cases); *Rife v. Dept. of Professional Regulation,* 638 So.2d 542 (Fla.App. 1994) (clear and convincing standard); *Ferris v. Turlington,* 510 So.2d 292 (Fla.1987) (clear and convincing in actions to revoke a professional license); *Mississippi St. Bd. of Nursing v. Wilson,* 624 So.2d 485 (Miss.1993) (clear and convincing standard if fraud or quasi-criminal conduct is involved); *Davis v. Wright,* 243 Neb. 931, 503 N.W.2d 814 (1993) (adopted clear and convincing standard for medical disciplinaries; held no need to differentiate between attorney and medical disciplinaries); *In re Zar,* 434 N.W.2d 598 (S.D.1989) (clear and convincing

Further, the jurisdictions which have discussed the issue and decided to apply the clear and convincing standard have done so noting that the federal constitution does not mandate the higher standard. *See e.g. Johnson v. Board of Governors of Registered Dentists,* 913 P.2d 1339, 1347 (Okla.1996) ("The State of Oklahoma can afford greater due process safeguards than those provided by the federal Constitution."); *In re*

---

standard for all professional license revocation proceedings); *Robinson v. State ex rel. Oklahoma State Bd. of Med. Licensure & Supervision,* 916 P.2d 1390 (Okla.1996) (clear and convincing standard in disciplinary cases involving a professionally licensed person); *Bernard v. Board of Dental Examiners,* 2 Or.App. 22, 465 P.2d 917 (1970) (clear and convincing standard for all license revocations); *In re Sobel,* 130 Or.App. 374, 882 P.2d 606 (Ct.App.1994) (clear and convincing standard applied in cases involving revocation of license); *Devous v. Wyoming State Board of Med. Examiners,* 845 P.2d 408 (Wyo.1993) (clear and convincing standard in medical disciplinaries).

Other jurisdictions have held the correct standard is preponderance of the evidence in a medical disciplinary proceeding. *See e.g. Johnson v. Arkansas Bd. of Examiners in Psychology,* 305 Ark. 451, 808 S.W.2d 766 (1991) (rejected argument that clear and convincing standard should be applied in license revocation cases and adopted preponderance standard—same standard as in attorney disciplinaries); *Sherman v. Commission on Licensure to Practice the Healing Art,* 407 A.2d 595 (D.C.Ct.App.1979) (preponderance standard—court noted same as attorney disbarment proceedings); *Boswell v. Iowa Bd. of Veterinary Medicine,* 477 N.W.2d 366 (Iowa 1991) (preponderance standard—court noted same standard applied to doctors and veterinarians); *Rucker v. Michigan Bd. of Med.,* 138 Mich.App. 209, 360 N.W.2d 154 (1984) (preponderance standard in any administrative disciplinary proceeding against a doctor); *In re Wang,* 441 N.W.2d 488 (Minn.1989) (preponderance standard—but court noted burden in attorney disciplinary is clear and convincing); *Petition of Grimm,* 138 N.H. 42, 635 A.2d 456 (1993) (preponderance standard for medical profession but clear and convincing standard for attorneys; addressed equal protection problems regarding different standards for two professions but found no violation); *Martin v. Ambach,* 111 A.D.2d 1009, 490 N.Y.S.2d 328 (1985) (preponderance standard for medical profession but court declined to address whether this standard was constitutionally permissible in proceedings involving licensed professionals, an issue which was not raised); *Gandhi v. Med. Examining Bd.,* 168 Wis.2d 299, 483 N.W.2d 295 (Ct.App.1992) (preponderance standard for physicians but clear and convincing standard for attorneys).

Still other jurisdictions use the clear and convincing standard only when fraud is alleged or the proceedings are for revocation of a professional license rather than a lesser sanction. *See e.g. In re D'Angelo,* 105 N.M. 391, 733 P.2d 360 (1986) (absent allegation of fraud or statute or court rule requiring higher burden of proof, standard is preponderance).

*Benjamin,* 698 A.2d 434 (D.C.App.1997) (clear and convincing standard should be applied but that this standard is not constitutionally mandated as license to practice law is merely property right).

Some states have also specifically held that attorneys and other professionals do not have to be governed by the same standard of proof. *See e.g. Grimm, supra.* In attorney proceedings, South Carolina[5] and at least 30 states apply the clear and convincing standard. *See In re Walton,* 676 P.2d 1078 (Alaska 1983) (discussion of standards used by states). Further, the American Bar Association suggests the clear and convincing standard be applied in attorney and judicial disciplinaries. *See* ABA–BNA Lawyers' Manual on Professional Conduct § 101–2101 (1984); ABA Standards Relating to Judicial Discipline 8.40. However, as noted by the dissent in *Johnson, supra,* the Federation of State Medical Boards recommends the preponderance standard in medical disciplinary proceedings. *Johnson,* 913 P.2d 1339, 1352.

■ We find a preponderance of the evidence standard adequately protects a physician's property interest in his license. We, however, leave it to the General Assembly to amend the APA and provide the higher standard of proof for APA proceedings if it determines the higher standard appropriate. Accordingly, the Board applied the proper standard.

The Board contends that substantial evidence was presented to support its decision and therefore the circuit court erred in reversing the decision. Section 1–23–380 of the APA provides that an agency's findings of facts may be reversed or modified only if clearly erroneous in view of the reliable,

---

**5.** *See e.g. In re Friday,* 263 S.C. 156, 208 S.E.2d 535 (1974); *In re Edwards,* 319 S.C. 57, 459 S.E.2d 837 (1995). There is not a particular case in which this standard was adopted wherein the reasoning for its adoption is discussed. In one of the earlier cases, *Ex parte Gadsden,* 89 Rep. 352 (1911), the court stated that misconduct must be found by a "clear preponderance" of the evidence. The standard then evolved into clear and convincing. *See State v. Jennings,* 161 S.C. 263, 159 S.E. 627 (1931). In any event, it is now well-settled that the standard in attorney and judicial disciplinary proceedings is clear and convincing evidence in South Carolina.

probative and substantial evidence of record. *See also Waters v. South Carolina Land Resources Com'n,* 321 S.C. 219, 467 S.E.2d 913 (1996). "Substantial evidence is not a mere scintilla of evidence nor evidence viewed blindly from one side, but is evidence which, when considering the record as a whole, would allow reasonable minds to reach the conclusion that the agency reached." *Palmetto Alliance, Inc. v. South Carolina Pub. Serv. Comm'n,* 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984).

■ After carefully reviewing the evidence which was before the Board, we find the evidence does not substantially support the conclusion respondent committed misconduct. The Board found respondent had committed misconduct in conducting the examinations of Patients B, C, D, and F. The expert who testified for the Board, Dr. James Herlong, testified that, except for Patient F, the other prostate examinations performed by respondent were medically necessary. He testified whether the examination performed upon Patient F was medically necessary was a judgment call.

In testifying that there was misconduct, Dr. Herlong focussed more upon the method by which respondent drew the prostatic fluid (referred to as "stripping" or "milking"). Dr. Herlong testified this is usually done by the patient. However, he also testified that it is generally not done by the doctor because it is unusual that the patient allows the doctor to do it. Dr. Herlong testified that a doctor performing this type of examination is not engaging in an improper practice, rather "it's just that it can be done in more appropriate ways." Respondent called a urologist and a family practitioner who testified that the method used by respondent was acceptable. Further, one complaint was dismissed when the patient testified that he had been examined in the same manner when he was in the military.

Several patients who were not involved in the complaint testified on behalf of respondent and stated that respondent had performed the same type of prostate examination on them and they felt it *was* appropriate. None of the patients testified that they felt respondent received any sexual or perverse pleasure from the examinations. In fact, the patients testified

they felt that the examinations were conducted in a professional manner and did not feel they had been inappropriately touched.

There was no testimony that these examinations constituted misconduct. Thus, the findings of the Board are clearly erroneous.[6] Accordingly, we reverse the Court of Appeals' decision and affirm the circuit court's order.

REVERSED.

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.

---

**6.** Respondent testified at the final hearing that he no longer performs these examinations in the same manner and he now follows a more acceptable method of obtaining prostatic fluid.