**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert and Cynthia Aikey, Appellants,

v.

Britteny D. Dehart and John Kenneth Goehrig, Respondents.

Appellate Case No. 2015-000663

———————

Appeal From York County
Thomas Henry White, IV, Family Court Judge

———————

Unpublished Opinion No. 2015-UP-570
Submitted December 15, 2015 – Filed December 23, 2015

———————

**AFFIRMED**

———————

April Dawn Porter, of the Law Office of April D. Porter, P.C., of Chester, for Appellants.

Kirby Rakes Mitchell, of South Carolina Legal Services, of Greenville; and Chisa Johnson Putman, of South Carolina Legal Services, of Rock Hill, for Respondent Brittney D. Dehart.

Nathan James Sheldon, of the Law Office of Nathan J. Sheldon, LLC, of Rock Hill, for Respondent John Kenneth Goehrig.

N. Beth Ramsey Faulkner, of the Brice Law Firm, LLC, of York, for the Guardian ad Litem.

---

**PER CURIAM:** Robert and Cynthia Aiken (Grandparents) appeal a family court order denying their request for termination of Britteny D. Dehart's (Mother's) and John Kenneth Goehrig's (Father's) parental rights as to Mother's and Father's two minor children (Children). Grandparents argue the family court erred in determining Mother and Father did not wilfully fail to visit Children, Mother and Father did not wilfully fail to support Children, and termination of Mother's and Father's parental rights (TPR) was not in Children's best interest. We affirm.

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014). However, this "review neither relieves an appellant of demonstrating error nor requires [this court] to ignore the findings of the family court[,]" who was in a better position to evaluate the witnesses' credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 388-92, 709 S.E.2d 650, 654-55 (2011). "The family court may order [TPR] upon a finding of one or more of the [statutory] grounds and a finding that termination is in the best interest of the child[.]" S.C. Code Ann. § 63-7-2570 (Supp. 2014). TPR grounds must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker,* 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). "Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of facts a firm belief as to the allegations sought to be established." *Loe v. Mother, Father, & Berkeley Cty. Dep't of Soc. Servs.*, 382 S.C. 457, 465, 675 S.E.2d 807, 811 (Ct. App. 2009) (quoting *Anonymous (M-156-90) v. State Bd. Of Med. Exam'rs*, 329 S.C. 371, 374 n.2, 496 S.E.2d 17, 18 n.2 (1998)).

First, we find Grandparents failed to prove by clear and convincing evidence that Mother and Father wilfully failed to visit Children. *See* S.C. Code Ann. § 63-7-2570(3) (Supp. 2014) ("The family court may order [TPR] upon a finding . . . [t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to visit the child."); *S.C. Dep't of Soc. Servs. v. Seegars*, 367 S.C. 623, 630, 627 S.E.2d 718, 721-22 (2006) ("Conduct of the parent which evinces a settled purpose to forego parental duties may fairly be characterized as 'willful' because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent."). Evidence presented at the hearing of Mother's and Father's distance from Children, their lack of transportation at times, and Grandparents' hindrance of

Mother's and Father's communication with Children, indicate Mother's and Father's failure to visit was not willful. Accordingly, although there was a period of time during which Mother and Father failed to visit Children, we find Grandparents failed to prove this conduct was willful. *See* § 63-7-2570(3) ("[I]t must be shown that the parent was not prevented from visiting by the party having custody or by court order."); *id.* ("The distance of the child's placement from the parent's home must be taken into consideration when determining the ability to visit.").

Second, we find Grandparents failed to prove by clear and convincing evidence that Mother and Father wilfully failed to support Children. *See* S.C. Code Ann. § 63-7-2570(4) (Supp. 2014) ("The family court may order [TPR] upon a finding . . . [t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child."); *id.* ("Failure to support means that the parent has failed to make a material contribution to the child's care . . . ."). Although parents have an obligation to support their children, this court "may consider all relevant circumstances in determining whether . . . the parent has wilfully failed to support the child, including . . . the ability of the parent to provide support." § 63-7-2570(4); *see also Sauls v. Sauls*, 287 S.C. 297, 301, 337 S.E.2d 893, 896 (Ct. App. 1985) ("[P]arents have an obligation to contribute to the support of their children."). Evidence at the hearing showed Father's monthly disability stipend did not cover Mother's and Father's living expenses and automobile payment. Additionally, the Guardian ad Litem (GAL) testified Mother attempted to gain employment during the time Grandparents retained custody of Children, and shortly after Mother gained dutiful employment, child support was deducted from her paychecks. Further, evidence at trial showed Mother and Father sent toys, food, diapers, clothes, and birthday presents to Children. Therefore, we find this evidence suggests Mother's and Father's financial circumstances initially impeded their ability to support Children, but when their financial situation improved, Mother and Father contributed material support to Children. *See* § 63-7-2570(4) ("Th[is] court may consider all relevant circumstances in determining whether or not the parent has wilfully failed to support the child, including . . . the ability of the parent to provide support."); *Charleston Cty. Dep't of Soc. Servs. v. Marccuci,* 396 S.C. 218, 226-27, 721 S.E.2d 768, 773 (2011) (holding that a parent's failure to financially support his child was not willful when the parent was initially unable to find employment, and once employed, the parent regularly paid child support). Accordingly, we find Grandparents failed to prove Mother's and Father's failure to support Children was willful. *See Seegars*, 367 S.C. at 630, 627 S.E.2d at 721-22 ("Conduct of the parent which evinces a settled purpose to forego parental duties may fairly be characterized as 'willful' . . . .").

Third, we find Grandparents failed to prove by clear and convincing evidence that termination of Mother's and Father's parental rights was in Children's best interest. *See* § 63-7-2570 ("The family court may order [TPR] upon a finding of one or more of the [statutory] grounds and a finding that termination is in the best interest of the child[.]"). "In a [TPR] case, the best interests of the children are the paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). At the hearing, multiple witnesses testified Mother and Father were good parents and loved Children. Moreover, the GAL testified Children were bonded with Mother and Father, and the older child talked fondly of them. Additionally, evidence showed Mother and Father passed random drug screens; were evaluated for mental health issues and determined not to need psychological services; and had prepared their home for Children, including stocking cabinets with food, purchasing two children's beds, purchasing toys and clothes, and preparing a bedroom for Children. Further, the GAL testified and stated in her report that terminating Mother's and Father's parental rights was not in Children's best interest. Accordingly, we find it is not in Children's best interest for Mother's or Father's parental rights to be terminated.

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.