**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Joanna Denise Duffey Hernandez and Dario Leigh
Hernandez, Defendants,

of whom Joanna Denise Duffey Hernandez is the
Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2025-000369

———————————

Appeal From Spartanburg County
M. Todd Thigpen, Family Court Judge

———————————

Unpublished Opinion No. 2026-UP-146
Submitted March 19, 2026 – Filed March 23, 2026

———————————

**AFFIRMED**

———————————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Robert C. Rhoden, III, of the South Carolina Department
of Social Services, of Spartanburg, for Respondent.

Wendy Nicole Griffith, of Griffith Family Law Firm, PC, of Spartanburg, for the Guardian ad Litem.

———————————

**PER CURIAM:**  Joanna Hernandez (Mother) appeals the family court's termination of her parental rights to her minor child (Child).  On appeal, Mother argues the family court erred in (1) moving forward with the termination of parental rights (TPR) hearing with a different judge than the judge who presided over a previous hearing and (2) terminating her parental rights.  We affirm pursuant to Rule 220(b), SCACR.

1.  Mother argues the family court violated her right to due process by proceeding with the TPR hearing under a different judge than the one who presided over a previous hearing; however, we find she abandoned this argument on appeal.  *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

2.  We hold the family court did not err in terminating Mother's parental rights.  *See Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 596, 813 S.E.2d 486, 486 n.2, 487 (2018) (explaining the standard of review of family court matters is de novo, with the exception of procedural and evidentiary rulings, which appellate courts review for an abuse of the family court's discretion); *id.* at 595, 813 S.E.2d at 487 ("[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]."); S.C. Code Ann. § 63-7-2570 (Supp. 2025) (explaining the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest).

We hold clear and convincing evidence showed Mother willfully failed to support Child.  *See S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (holding the grounds for TPR must be proved by clear and convincing evidence); *Loe v. Mother, Father, & Berkeley Cnty. Dep't of Soc. Servs.*, 382 S.C. 457, 465, 675 S.E.2d 807, 811 (Ct. App. 2009) ("Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of facts a firm belief as to the allegations sought to be established." (quoting

*Anonymous (M–156–90) v. State Bd. of Med. Exam'rs*, 329 S.C. 371, 374 n.2, 496 S.E.2d 17, 18 n.2 (1998))); § 63-7-2570(4) (providing a statutory ground for TPR is met when a "child has lived outside the home of either parent for a period of six months, and during that time the parent has wil[l]fully failed to support the child"); *id.* (explaining that "[f]ailure to support means that the parent has failed to make a material contribution to the child's care" and "[a] material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means"). The Department of Social Services (DSS) caseworker confirmed she maintained a log showing Mother's contributions throughout the case. The caseworker, whose testimony the family court found credible, stated that from April 2021 until June 2022, the only provision Mother made towards Child's care was a meal at a September 2021 visitation. She also testified that in June 2022, Mother provided gifts from Christmas 2021, and in June or July 2022, Mother gave $100 as well as a bookbag and perfume. The caseworker testified Mother made no other contributions until August 2023, when her court-ordered child support obligation began. Mother testified that prior to August 2023, she took "bags of stuff" to each visitation but could not recall specifics. Based on the caseworker's detailed testimony and the family court's determination that her testimony was credible, we find Mother failed to support Child. *See Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 (stating de novo review does not abrogate the long-standing principle that the trial court is in a superior position to assess witness credibility). Further, because Mother testified that she worked until January 2024, when she stopped working to care for her father, we find her failure to support Child during this time period was willful. *See* § 63-7-2570(4) ("The court may consider all relevant circumstances in determining whether or not the parent has wil[l]fully failed to support the child, including . . . the ability of the parent to provide support."). Thus, we hold this ground was met.[1]

Moreover, we hold TPR is in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the

---

[1] Because we hold DSS proved the aforementioned statutory ground by clear and convincing evidence, we need not consider whether a second statutory ground was met. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

primary concern when determining whether TPR is appropriate."). Child was removed from Mother's care in April 2021 and had been in foster care for well over three years at the time of the November 2024 TPR hearing. The caseworker testified she had seen no change in Mother's behavior over the three years and noted Mother had taken approximately a year following Child's removal to begin engaging in treatment services. The testimony presented at the TPR hearing indicated several concerning behaviors by Mother, including her recording of family therapy sessions, lack of transparency surrounding her paramour, and unwillingness to comply with court orders to provide DSS and the guardian ad litem (GAL) with necessary information about her employment status. The family therapist, who was qualified as a counseling expert, acknowledged Mother and Child had made progress in the last two therapy sessions before the hearing, but she believed Mother and Child were still unable to communicate effectively outside the therapeutic setting. Finally, the DSS adoptions worker testified that although Child was not in a pre-adoptive placement at the time of the hearing, she saw no barriers to Child being adopted if TPR were granted.[2] The GAL recommended TPR and testified DSS had identified a potential adoptive resource whom Child knew. Accordingly, we hold TPR is in Child's best interest.

**AFFIRMED.**[3]

**WILLIAMS, C.J., and VINSON and TURNER, JJ., concur.**

---

[2] We note Child was fourteen years old at the time of the hearing, and thus, her consent would be required in order to be adopted. *See* S.C. Code Ann. § 63-9-310(A)(1) (2010) (explaining an adoptee over fourteen years old must consent to the adoption "except where the court finds that the adoptee does not have the mental capacity to give consent, or that the best interests of the adoptee are served by not requiring consent"). However, after the family court spoke to Child in chambers, the court indicated Child wanted to return to Mother's care but was open to being adopted by someone she knew.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.