MORREALE v DEPARTMENT OF COMMUNITY HEALTH

Docket No. 270350. Submitted October 3, 2006, at Detroit. Decided October 12, 2006, at 9:00 a.m. Leave to appeal denied, 477 Mich ___.

Vittorio M. Morreale brought an action for declaratory relief in the Wayne Circuit Court against the Department of Community Health, Bureau of Health Professions. The defendant had previously filed an administrative complaint against the plaintiff, who is a physician, alleging that he had inappropriately touched four female patients during neurological examinations. The plaintiff's action sought a declaratory ruling regarding the constitutionality of the preponderance of the evidence standard applicable in health-professional disciplinary proceedings against physicians. The court, Isidore B. Torres, J., granted the defendant summary disposition, concluding that the preponderance of the evidence standard does not violate the plaintiff's due process rights. The plaintiff appealed.

The Court of Appeals *held*:

The plaintiff has not established that his due process rights have been violated. A person is constitutionally guaranteed due process when facing certain kinds of adverse action at the hands of the state or one of its subdivisions. MCL 333.16237(4) and 1999 AC, R 338.1624(1) permit the defendant's disciplinary subcommittees to impose appropriate sanctions on a licensee such as the plaintiff when an alleged violation is established by a preponderance of the evidence. The plaintiff argued that due process requires a higher standard of proof in health-professional disciplinary proceedings because the potential consequences include the loss of his medical license, fines, probation, community service, and a negative effect on his reputation. Because the classification challenged in this case neither affects a fundamental right nor involves a suspect classification, it is reviewed using the rational basis test. The applicable test is whether the legislation bears a reasonable relation to a permissible legislative objective. A rational basis will be found to exist if any set of facts reasonably can be conceived to justify the alleged discrimination. The legislation is presumed to be constitutional, and the party challenging the statute has the heavy burden of proving that the legislation is

arbitrary and thus irrational. The challenged legislation protects citizens from possible harm at the hands of state-licensed physicians, and the plaintiff has not articulated a sufficient basis to rebut the presumption of constitutionality. Application of the preponderance of the evidence standard does not violate the plaintiff's due process rights.

Affirmed.

LICENSES — DISCIPLINARY PROCEEDINGS — ADMINISTRATIVE LAW — PHYSICIANS AND SURGEONS — CONSTITUTIONAL LAW — DUE PROCESS.

The preponderance of the evidence standard applicable in health-professional disciplinary proceedings against physicians does not violate a licensee's due process rights (MCL 333.16237[4]; 1999 AC, R 338.1624[1]).

*Saurbier & Siegan, P.C.* (by *Renée S. Siegan* and *Marc D. Saurbier*), for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Virginia H. Trzaskoma* and *Merry A. Rosenberg*, Assistant Attorneys General, for the defendant.

Before: HOEKSTRA, P.J., and METER and DONOFRIO, JJ.

DONOFRIO, J. Plaintiff, Vittorio M. Morreale, M.D., appeals as of right an order of the trial court granting the motion for summary disposition of defendant, Department of Community Health, Bureau of Health Professions, and denying plaintiff's motion for summary disposition, ruling that the application of the preponderance of the evidence standard in disciplinary proceedings against physicians does not violate due process. Because the burden of proof in health-professional disciplinary proceedings against physicians is in fact by a preponderance of the evidence, and because the application of that standard does not violate plaintiff's due process rights, we affirm.

Plaintiff is a neurosurgeon licensed by defendant to practice medicine in Michigan. Defendant is the licensing and regulatory body responsible for the oversight of the practice of medicine in Michigan pursuant to article 15 of the Public Health Code, MCL 333.16101 *et seq.*, and the Administrative Procedures Act, MCL 24.201 *et seq.* Defendant filed an administrative complaint against plaintiff in February 2005, alleging that plaintiff had violated the Public Health Code in regard to four separate individuals. Defendant alleged in its complaint that plaintiff had inappropriately touched four female patients during neurological examinations. In response, plaintiff filed a motion before the Michigan Department of Community Health Administrative Tribunal, seeking a ruling regarding the constitutionality of the preponderance of the evidence standard applicable in health-professional disciplinary proceedings against physicians. The tribunal denied plaintiff's motion, stating that as an administrative agency, it "must refuse to address facial constitutional challenges raised in contested case proceedings." Plaintiff then filed a complaint for a declaratory judgment in the trial court. Subsequently, both parties filed motions for summary disposition. The trial court denied plaintiff's motion for summary disposition, but, in the same order, granted defendant's motion pursuant to MCR 2.116(C)(10) and (I)(2), concluding that "the application of the preponderance-of-evidence standard to the disciplinary proceedings does not violate Plaintiff's due process rights." It is from this order that plaintiff now appeals as of right.

We review de novo the trial court's decision on a motion for summary disposition. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). A motion brought under MCR 2.116(C)(10) tests the factual support for the claim. *Id.* A trial court may grant summary

disposition under MCR 2.116(C)(10) when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 713; 706 NW2d 426 (2005). In ruling on a motion under MCR 2.116(C)(10), the trial court must view the pleadings, affidavits, and other documentary evidence in a light most favorable to the nonmoving party. *Id*. If a motion for summary disposition also challenges the constitutionality of a statute, we also review de novo that question of law. *McDougall v Schanz*, 461 Mich 15, 23; 597 NW2d 148 (1999).

Plaintiff argues on appeal that the preponderance of the evidence standard in health-professional disciplinary proceedings violates his due process rights. In particular, plaintiff asserts that the burden of proof required in a government-initiated proceeding that could result in punitive action against him requires a higher standard "because the potential consequence of the action include[s] the taking of his medical license, fines, probation, community service, as well as degradation of his reputation . . . ." Defendant responds by first pointing out that this Court has twice declined to depart from the preponderance of the evidence standard and then further argues that the current standard "amply satisfies the requirements of due process."

Defendant is correct; two prior panels of this Court have identified the correct standard in health-professional disciplinary proceedings as the preponderance of the evidence standard and have specifically declined to alter it. In *Rucker v Michigan Bd of Medicine*, 138 Mich App 209, 211; 360 NW2d 154 (1984), a physician argued that due process required the application of the heightened clear and convincing standard rather than the preponderance of the evidence standard

of proof in "license revocation hearings." Without analysis, this Court stated: "Petitioner is wrong. [T]he quantum of proof necessary to meet the burden of persuasion in an administrative disciplinary hearing against a medical physician is that of a preponderance of the evidence." *Id.* Later, in *Thangavelu v Dep't of Licensing & Regulation*, 149 Mich App 546, 557; 386 NW2d 584 (1986), this Court rejected a similar claim, relying on *Rucker*, and stated as follows: "Last, petitioner claims that constitutional due process requires that the 'beyond a reasonable doubt' standard be applied in license revocation hearings. . . . We are not persuaded that a change is desirable."

Although these cases provide some guidance in this matter, neither panel offered an analysis addressing the constitutional argument plaintiff asserts in the instant case.

The Public Health Code, in MCL 333.16237(4), states that a disciplinary subcommittee shall impose an appropriate sanction on a licensee when an alleged violation is established by a preponderance of the evidence. Further, the applicable portion of the Administrative Code provides that "[t]he complaining party shall have the burden of proving, by a preponderance of the evidence, that grounds exist for the imposition of a sanction on a licensee, registrant, or applicant." 1999 AC, R 338.1624(1).

Plaintiff states in his brief on appeal that he challenges only the trial court's finding that the preponderance of the evidence standard promulgated in 1999 AC, R 338.1624(1) does not deny his constitutional right of due process. Plaintiff's argument on appeal is that because the potential consequences of a health-professional disciplinary proceeding—a state action—include the loss of his medical license, fines, probation,

community service, and a negative effect on his reputation, due process requires a higher burden of proof in such proceedings. Given these possible results, plaintiff does not believe that the preponderance of the evidence standard adequately protects his due process rights, even when weighing them against the state interest in protecting patients from possible victimization.

A person's right to due process of law when facing certain kinds of adverse action at the hands of the state or one of its subdivisions is guaranteed by both the federal and state constitutions. US Const, Am XIV, § 1; Const 1963, art 1, § 17. If a party challenges a classification affecting a fundamental right or involving a suspect classification, strict scrutiny applies and a compelling state interest is required to uphold it. *People v Sleet*, 193 Mich App 604, 605; 484 NW2d 757 (1992). However, if the classification neither affects a fundamental right nor involves a suspect classification, the rational basis test applies. *Id.* at 606; *Plyler v Doe*, 457 US 202, 216; 102 S Ct 2382; 72 L Ed 2d 786 (1982). "Under the rational basis test, the legislation is presumed to be constitutional and the party challenging the statute has the burden of proving that the legislation is arbitrary and thus irrational." *People v Pitts*, 222 Mich App 260, 273; 564 NW2d 93 (1997). "A rational basis shall be found to exist if any set of facts reasonably can be conceived to justify the alleged discrimination." *Syntex Laboratories v Dep't of Treasury*, 233 Mich App 286, 290; 590 NW2d 612 (1998).

Suspect classifications include race, alienage, ethnicity, and national origin. *Proctor v White Lake Twp Police Dep't*, 248 Mich App 457, 469; 639 NW2d 332 (2001). Plaintiff does not argue, and we do not conclude, that the preponderance of the evidence standard promulgated in 1999 AC, R 338.1624(1) involves any suspect

classification. It is therefore subject to the rational basis test, which requires the Legislature's judgment to be supported by " 'any state of facts either known or which could reasonably be assumed,' although such facts may be 'debatable' . . . ." *Shavers v Attorney General*, 402 Mich 554, 614; 267 NW2d 72 (1978) (citation omitted). The applicable test is whether the legislation bears a reasonable relation to a permissible legislative objective. *Id.* at 612. The classification is presumed constitutional, and the party challenging it bears a heavy burden of rebutting the presumption. *Id.* at 613-615.

Plaintiff bears a heavy burden, and he has not articulated a sufficient basis to rebut the presumption of constitutionality. In fact he has not articulated *any* basis, other than assertions that he and others similarly situated "need enhanced protection from certain claims and allegations in the form of a higher standard of proof." Although his argument amounts to nothing more than bare assertions, the import of his pleas are not lost on this Court. Clearly, his right to due process must be adequately protected when facing certain kinds of adverse action at the hands of the state or one of its subdivisions. US Const, Am XIV, § 1; Const 1963, art 1, § 17.

But, at the same time, many obvious reasons exist to support the legislation at issue, namely protecting citizens from possible harm at the hands of state-licensed physicians. Plaintiff himself writes as follows in his brief on appeal:

> There is without a doubt the need to protect the citizens of this state from physicians who lack such moral character so as to victimize their patients, commit fraud, steal from insurance companies, deal drugs or commit other unacceptable acts. We do not want physicians who are mentally or otherwise incompetent practicing.

Plaintiff has artfully articulated for us the exact reasoning supporting the Legislature's judgment, thus satisfying the rational basis test. *Shavers, supra* at 614. And he has explained how the legislation at issue bears a reasonable relation to a permissible legislative objective. *Id.* at 612. Again, plaintiff bears a heavy burden, and he has not articulated a sufficient basis to rebut the presumption of constitutionality, nor has he shown that the legislation is "arbitrary and thus irrational." *Pitts, supra* at 273.

We also note that plaintiff asserts that because a health-professional disciplinary proceeding is carried out in a regulatory action, evidentiary rules are "loose" and the preponderance of the evidence standard is not sufficient to protect his constitutional rights. However, Const 1963, art 6, § 28 provides him specific protections. It states in part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. [Const 1963, art 6, § 28.]

Therefore, all final rulings of an administrative body are directly reviewable by the courts of this state. Plaintiff has not established that his due process rights have been violated.

Affirmed.