742 N.W.2d 629 (2007)
Shannon Neal BRINKLEY, Plaintiff/Counter-Defendant-Appellee,
v.
Lena Marie BRINKLEY, Defendant/Counter-Plaintiff-Appellee, and
Kenneth Baca and Patricia Baca, Appellants.
Docket No. 269725.
Court of Appeals of Michigan.
Submitted October 2, 2007.
Decided October 16, 2007.
Released for Publication December 10, 2007.
*631 Richard E. Shaw, Detroit, for Shannon and Lena Brinkley.
Alexander V. Lyzohub, Livonia, for Kenneth and Patricia Baca.
Before: WILDER, P.J., and BORRELLO and BECKERING, JJ.
PER CURIAM.
In this grandparent visitation case, this Court originally vacated the trial court's order denying appellants' motion for relief from an order denying their petition for grandparent visitation and remanded the *632 case to the trial court for consideration of the merits of appellants' motion.[1] In lieu of granting leave to appeal, our Supreme Court remanded the case to this Court "for plenary consideration of the grandparents' constitutional issue." Brinkley v. Brinkley, 477 Mich. 1029, 727 N.W.2d 621 (2007). We hold that MCL 722.27b(5) does not violate appellants' due process or equal protection rights. We remand to the trial court for consideration on the merits of any remaining issues, consistent with this Court's July 18, 2006, order.
Plaintiff Shannon Brinkley and defendant Lena Brinkley are the parents of two minor children. Appellants Kenneth and Patricia Baca are the children's maternal grandparents. Shannon and Lena were divorced in 1999. Appellants alleged that, after the divorce, they frequently visited their grandchildren, took them on vacations, and bought them clothes, toys, and other items. In 2004, Lena became estranged from appellants and denied them further contact with the children. She persuaded Shannon to do the same. Appellants thereafter filed a petition for grandparenting time pursuant to MCL 722.27b(1)(b). The trial court dismissed the petition pursuant to MCL 722.27b(5), because Shannon and Lena both signed an affidavit stating that they opposed an order for grandparenting time. Thereafter, the trial court denied appellants' motion for relief from the order denying them grandparenting time and awarded Lena attorney fees.
On appeal, appellants argue that MCL 722.27b(5) violates their constitutional rights to due process and equal protection. The constitutionality of a statute is a question of law that this Court reviews de novo. Morreale v. Dep't of Community Health, 272 Mich.App. 402, 405, 726 N.W.2d 438 (2006). This Court must presume that a statute is constitutional, and the party asserting that a statute is unconstitutional must establish that no circumstances exist under which it would be valid. Keenan v. Dawson, 275 Mich.App. 671, 680, 739 N.W.2d 681 (2007).
MCL 722.27b provides, in pertinent part:
(1) A child's grandparent may seek a grandparenting time order under 1 or more of the following circumstances:
(a) An action for divorce, separate maintenance, or annulment involving the child's parents is pending before the court.
(b) The child's parents are divorced, separated under a judgment of separate maintenance, or have had their marriage annulled.
(c) The child's parent who is a child of the grandparents is deceased.
(d) The child's parents have never been married, they are not residing in the same household, and paternity has been established. . . .
(e) Except as otherwise provided in subsection (13), legal custody of the child has been given to a person other than the child's parent, or the child is placed outside of and does not reside in the home of a parent.
(f) In the year preceding the commencement of an action under subsection (3) for grandparenting time, the grandparent provided an established custodial environment for the child as described in section 7, whether or not the grandparent had custody under a court order.

*633 * * *
(3) A grandparent seeking a grandparenting time order shall commence an action for grandparenting time, as follows:
(a) If the circuit court has continuing jurisdiction over the child, the child's grandparent shall seek a grandparenting time order by filing a motion with the circuit court in the county where the court has continuing jurisdiction.
(b) If the circuit court does not have continuing jurisdiction over the child, the child's grandparent shall seek a grandparenting time order by filing a complaint in the circuit court for the county where the child resides.
(4) All of the following apply to an action for grandparenting time under subsection (3):
(a) The complaint or motion for grandparenting time filed under subsection (3) shall be accompanied by an affidavit setting forth facts supporting the requested order. The grandparent shall give notice of the filing to each person who has legal custody of, or an order for parenting time with, the child. A party having legal custody may file an opposing affidavit. A hearing shall be held by the court on its own motion or if a party requests a hearing. At the hearing, parties submitting affidavits shall be allowed an opportunity to be heard.
(b) In order to give deference to the decisions of fit parents, it is presumed in a proceeding under this subsection that a fit parent's decision to deny grandparenting time does not create a substantial risk of harm to the child's mental, physical, or emotional health. To rebut the presumption created in this subdivision, a grandparent filing a complaint or motion under this section must prove by a preponderance of the evidence that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health. If the grandparent does not overcome the presumption, the court shall dismiss the complaint or deny the motion.
(c) If a court of appellate jurisdiction determines in a final and nonappealable judgment that the burden of proof described in subdivision (b) is unconstitutional, a grandparent filing a complaint or motion under this section must prove by clear and convincing evidence that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health to rebut the presumption created in subdivision (b).
(5) If 2 fit parents sign an affidavit stating that they both oppose an order for grandparenting time, the court shall dismiss a complaint or motion seeking an order for grandparenting time filed under subsection (3). This subsection does not apply if 1 of the fit parents is a stepparent who adopted a child under the Michigan adoption code, chapter X of the probate code of 1939, 1939 PA 288, MCL 710.21 to 710.70, and the grandparent seeking the order is the natural or adoptive parent of a parent of the child who is deceased or whose parental rights have been terminated.
(6) If the court finds that a grandparent has met the standard for rebutting the presumption described in subsection (4), the court shall consider whether it is in the best interests of the child to enter an order for grandparenting time. If the court finds by a preponderance of the evidence that it is in the best interests of the child to enter a grandparenting time order, the court shall enter an order providing for reasonable grandparenting time of the child by the grandparent by general or specific terms and conditions. . . .
*634 MCL 722.27b was amended in 2004 after a previous version of the statute was held to be unconstitutional in DeRose v. DeRose, 469 Mich. 320, 666 N.W.2d 636 (2003). See also Keenan, supra at 678-679, 739 N.W.2d 681. In DeRose, supra at 332-334, 666 N.W.2d 636, our Supreme Court held that the prior version of the statute violated the fundamental rights of parents to raise their children because it did not require the deciding court to grant any deference to fit parents' decisions regarding grandparent visitation. The Court's decision was based on Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054; 147 L.Ed.2d 49 (2000), in which a plurality of the United States Supreme Court held that the state of Washington's nonparent visitation statute was unconstitutional because it allowed the trial court to order visitation without granting deference to the parents' decisions, contrary to the parents' fundamental right and liberty interest in managing the care, custody, and control of their children. Id. at 70-74, 120 S.Ct. 2054 (O'Connor, J., Rehnquist, C.J., Ginsburg, J., and Breyer, J.), 77-79, 120 S.Ct. 2054 (Souter, J.), and 80, 120 S.Ct. 2054 (Thomas, J.).
After our Supreme Court decided DeRose, the Legislature amended MCL 722.27b and added subsections 4(b) and (c) and 5.2004 PA 542. As amended, the statute requires a court deciding a grandparent's petition for visitation to presume that a fit parent's decision to deny grandparenting time does not create a substantial risk of mental, physical, or emotional harm to the child, and the grandparent bears the burden of rebutting that presumption by a preponderance of the evidence. MCL 722.27b(4)(b). However, if two fit parents (with the exception of certain circumstances that are not present in this case) both oppose visitation, their joint opposition effectively creates an irrebuttable presumption that denial of grandparenting time will not create a substantial risk of harm to the child, and the grandparents' petition must be dismissed. MCL 722.27b(5).
Appellants first argue that MCL 722.27b(5) denies them their substantive due process right to maintain a familial relationship that is in their grandchildren's best interests. No person may be deprived of life, liberty, or property without due process of law. US Const, Am XIV, § 1; Const 1963, art 1, § 17; Tolksdorf v. Griffith, 464 Mich. 1, 7, 626 N.W.2d 163 (2001). The underlying purpose of substantive due process is to secure the individual from the arbitrary exercise of governmental power. W A Foote Mem. Hosp. v. City of Jackson, 262 Mich.App. 333, 341-342, 686 N.W.2d 9 (2004). The question whether challenged legislation violates principles of substantive due process depends on the nature of the right affected. If a party challenges a classification that affects a fundamental right or involves a suspect classification, strict scrutiny applies and a compelling state interest is required to uphold it. Morreale, supra at 407, 726 N.W.2d 438. But if the classification neither affects a fundamental right nor involves a suspect classification, the rational basis test applies. Id. This test examines whether the law is rationally related to a legitimate governmental purpose. W A Foote Mem Hosp, supra at 342, 686 N.W.2d 9.
Appellants contend that they have a fundamental right to maintain a relationship with their grandchildren and, therefore, the strict scrutiny test applies. We disagree. Appellants' reliance on Overton v. Bazzetta, 539 U.S. 126, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003), and Moore v. City of East Cleveland, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977), is misplaced. Although the Supreme Court in Overton referred to a fundamental liberty interest in maintaining family relationships without *635 government interference, the case involved the constitutionality of prison regulations that precluded visits from children other than the prisoners' children, grandchildren, or siblings. That case does not support the notion that appellants have a fundamental right to visitation with their grandchildren without parental consent. In Moore, the Supreme Court held that a local zoning ordinance violated fundamental rights to family relationships by prohibiting a grandmother from residing with two grandsons who were cousins. Unlike this case, Moore involved state interference in family matters.
MCL 722.27b(5) does not authorize governmental interference into a family relationship. Instead, it restricts a court's authority to interfere with parental decisions concerning grandparenting time, in accordance with Troxel and DeRose, supra. This case does not turn on general principles concerning the right to family relationships free of governmental interference, but rather on principles concerning the rights of parents versus the rights of grandparents. In DeRose, the prior version of MCL 722.27b was found to be unconstitutional because it permitted the courts to intrude on parents' constitutionally protected rights for the benefit of grandparents. Indeed, our Supreme Court has specifically held that grandparents have no fundamental right to a relationship with their grandchildren. In Frame v. Nehls, 452 Mich. 171, 183-184, 550 N.W.2d 739 (1996), the Court held that there is no constitutionally protected fundamental right to grandparent visitation, and that the right of visitation exists only by statute. See also Johnson v. White, 261 Mich.App. 332, 344, 682 N.W.2d 505 (2004) (observing that while "[t]here is no doubt that grandparents play an important role in a child's life[,] . . . grandparents do not have a fundamental right to make decisions for their grandchild"). Accordingly, because a fundamental right is not implicated, the constitutionality of MCL 722.27b(5) is measured by whether the statute is rationally related to a legitimate governmental purpose. W A Foote Mem Hosp, supra at 341-342, 686 N.W.2d 9.[2]
We conclude that MCL 722.27b(5) is rationally related to the legitimate goal of protecting and encouraging the grandparent-grandchild relationship without infringing on the parents' fundamental right to manage the upbringing of their children. MCL 722.27b was amended to avoid the constitutional deficiencies that were found in the previous statute. DeRose, supra at 332-334, 666 N.W.2d 636; Keenan, supra at 678-679, 739 N.W.2d 681. As amended, the statute affords broad deference to parents by limiting the circumstances in which grandparents may seek visitation, by imposing the burden of proof on grandparents, and by requiring the dismissal of petitions for grandparenting time when two fit parents jointly oppose visitation. Subject to specific exceptions, MCL 722.27b grants absolute deference to parents who have an intact marriage or domestic *636 relationship, and to fit parents who unanimously oppose visitation. The statute grants qualified deference in four circumstances:
(1) where a parent has died, and the surviving parent is not the grandparents' child. [Subsection 1(c).]
(2) where the parents never formed, or no longer have, an intact marital or domestic relationship. [Subsections 1(a), (b), and (d).]
(3) where someone other than the parents has legal custody of the child or the child has been placed outside the parents' home. [Subsection 1(e).]
(4) where the grandparents provided an established custodial environment for the child in the previous year. [Subsection 1(f).]
The first two circumstances involve situations where there is a greater likelihood that parents will deny visitation for reasons that are unrelated to a child's best interest. The third category generally involves parents who have temporarily or permanently lost legal control over their children. Significantly, these three sets of circumstances all involve situations in which there is recognized authority for judicial intervention in family matters, see, e.g., the Child Custody Act, MCL 722.21 et seq., and statutes governing the adjudication and disposition of abused and neglected children, MCL 712A.1 et seq. The fourth circumstance involves situations where a grandparent has acted as a de facto parent. These four categories involve special circumstances where there are legitimate reasons for recognizing heightened protection of the grandparent-grandchild relationship. None of these circumstances is implicated where a child's natural parents are both fit and both oppose grandparent visitation. In this situation, MCL 722.27b(5) is rationally related to the legitimate purpose of preserving fit parents' fundamental right to manage the care, custody, and control of their children.
We reject appellants' attempt to recast this issue by focusing on their grandchildren's alleged fundamental right to maintain a relationship with their grandparents. First, appellants do not have standing to assert any alleged constitutional rights of their grandchildren. See In re Investigative Subpoena re Homicide of Lance C Morton, 258 Mich.App. 507, 509, 671 N.W.2d 570 (2003) (noting that constitutional rights are personal and a person generally does not have standing to assert a constitutional right on behalf of another). Moreover, it is well established in Michigan that court intrusion into parent-child matters is only justified when the parents are in opposition to each other, such as in a custody dispute, or where the parents are unfit. See In re Clausen, 442 Mich. 648, 683-684, 686-687, 502 N.W.2d 649 (1993). We have not found any authority for giving precedence to a minor child's preferences over a parent's decisions apart from these circumstances.
For these reasons, we reject appellants' substantive due process challenge to the constitutionality of MCL 722.27b(5).
Appellants next argue that MCL 722.27b(5) deprives them of procedural due process. "A procedural due process analysis requires a dual inquiry: (1) whether a liberty or property interest exists which the state has interfered with, and (2) whether the procedures attendant upon the deprivation were constitutionally sufficient." Hinky Dinky Supermarket, Inc. v. Dep't of Community Health, 261 Mich.App. 604, 606, 683 N.W.2d 759 (2004) (internal quotation and citation omitted). Appellants argue that MCL 722.27b(5) is unconstitutional because it does not give them the opportunity to challenge the parents' joint affidavit in opposition to their petition for visitation. The clear *637 purpose of MCL 722.27b(5) is to preclude court action where both parents oppose grandparent visitation, in furtherance of the statutory scheme to defer to parents' preferences, except in narrowly prescribed circumstances. This scheme would be altogether thwarted if grandparents were permitted to challenge the weight and credibility of the parents' affidavit. We therefore reject appellants' procedural due process argument.
Finally, appellants argue that the irrebuttable presumption against grandparenting time when two fit parents oppose grandparent visitation, pursuant to MCL 722.27b(5), violates their constitutional right to equal protection. Appellants argue that they should be given the same opportunity to seek a visitation order as grandparents of children whose parents do not unanimously oppose visitation.
Both the federal and state constitutions provide that no person will be denied the equal protection of the law. US Const, Am XIV, § 1; Const 1963, art 1, § 2; Frame, supra at 183, 550 N.W.2d 739; Neal v. Oakwood Hosp. Corp., 226 Mich.App. 701, 716, 575 N.W.2d 68 (1997). The federal and state constitutional guarantees of equal protection are coextensive. Neal, supra at 716, 575 N.W.2d 68. The constitutional guarantee of equal protection ensures that people similarly situated will be treated alike, but it does not guarantee that people in different circumstances will be treated the same. Morales v. Parole Bd., 260 Mich.App. 29, 49, 676 N.W.2d 221 (2003). When a statute is challenged as being violative of equal protection, a court should consider the provisions of the whole law, as well as its object and policy. Frame, supra at 183, 550 N.W.2d 739. The validity of the classification is measured by one of three tests, depending on the type of classification and the nature of the interest affected. Neal, supra at 717, 575 N.W.2d 68. Social or economic legislation is reviewed under the rational basis test. Id. Under the rational basis test, the statute will be upheld as long as the classification scheme is rationally related to a legitimate governmental purpose. Frame, supra at 189, 550 N.W.2d 739. Because grandparents do not have a fundamental right to maintain a family relationship with their grandchildren, the rational basis test is applicable. Id. at 183-184, 189, 550 N.W.2d 739.
MCL 722.27b grants absolute deference to parents if they do not fall into any of the categories set forth in subsection 1. MCL 722.27b(5) also grants absolute deference to parents who fit one of the categories set forth in subsection 1, provided they unanimously oppose an order for grandparenting time. Parents who do come within one of the categories in MCL 722.27b(1), and who do not satisfy MCL 722.27b(5), are granted only qualified deference. The ostensible basis for these differing classifications is that parents have the right to make decisions concerning their children's welfare, including contacts with grandparents, unless special circumstances justify state intervention. If the parents do not have an intact relationship, or if the child of the grandparents is deceased, or if the parents have been found to be unfit, there is a greater likelihood that the parents will not be able to reach an agreement regarding grandparent visitation, or that they will make decisions not related to their children's best interests. These concerns are not as prevalent where parents are partners in an intact marriage or domestic partnership, or where fit parents unanimously oppose grandparenting time. Accordingly, there is a rational basis for distinguishing between the class of grandparents who may seek court intervention, and those who may not. We therefore conclude that MCL 722.27b(5) satisfies the rational basis test and, accordingly, *638 reject appellants' equal protection challenge.
We hold that MCL 722.27b(5) is constitutional and remand this case to the trial court for consideration on the merits of any remaining issues, consistent with this Court's July 18, 2006, order. We do not retain jurisdiction.
NOTES
[1] This Court held that the trial court clearly erred in ruling that the motion was barred by the doctrine of res judicata. Brinkley v. Brinkley, unpublished order of the Court of Appeals, entered July 18, 2006 (Docket No. 269725).
[2] Contrary to appellants' argument, the Ohio Supreme Court did not recognize a constitutional right to grandparent visitation in Harrold v. Collier, 107 Ohio St.3d 44, 836 N.E.2d 1165 (2005). Rather, the court held that Ohio's grandparent visitation statute was not an unconstitutional infringement on parental rights. The court concluded that the Ohio statute passed constitutional muster under Troxel. Harrold, supra at 51-52, 836 N.E.2d 1165. The court merely acknowledged that a grandparent visitation statute is permissible under Troxel as long as it accords "at least some special weight to the parent's wishes." Id. The court did not limit the weight that a state may give to the parent's wishes, but rather found that Ohio's statute was "narrowly tailored" to serve the child's interests Id. at 52. Nothing in Harrold supports appellants' argument that a state must provide a certain degree of protection to grandparents as a matter of constitutional due process.