*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARTHUR LAWRENCE and MARTHA LAWRENCE,

        Plaintiffs-Appellees,

v

CINDY LAWRENCE,

        Defendant-Appellant.

UNPUBLISHED
April 07, 2025
2:19 PM

No. 373170
Oakland Circuit Court
Family Division
LC No. 2021-509595-DZ

Before: BOONSTRA, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order granting plaintiffs grandparenting time.[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant is the mother of a minor child, VPL. Plaintiffs (individually, plaintiff-grandmother and plaintiff-grandfather) are VPL's paternal grandparents. VPL was born in 2016. VPL's father passed away in 2017. From April 2019 to July 2019, defendant and VPL lived with plaintiffs. In July 2019, defendant and VPL moved out of plaintiffs' home after a disagreement with plaintiff-grandmother. Plaintiffs continued to provide childcare, including overnight visits,

---

[1] The trial court entered an interim grandparenting time order on May 10, 2023, pending a best-interests hearing. Defendant applied to this Court for leave to appeal that order and, in lieu of granting the application, this Court vacated the interim grandparenting time order and remanded for further proceedings, holding that the trial court "committed clear legal error on a major issue by entering an order for grandparenting time without considering whether grandparenting time was in the child's best interests as required by MCL 722.27b(6)." See *Lawrence v Lawrence*, unpublished order of the Court of Appeals, entered March 1, 2024 (Docket No. 366929).

until June 2021, when VPL suffered a seizure while at plaintiffs' house.[2] After VPL's seizure, defendant no longer allowed plaintiffs to contact or interact with VPL. Defendant testified that she made the decision to cease contact between plaintiffs and VPL because she felt their behaviors were controlling and they did not respect defendant's parenting decisions.

Plaintiffs filed a complaint for grandparenting time in October 2021, alleging that defendant's decision to deny grandparenting time had created a substantial risk of harm to VPL's emotional, mental, and physical health. After a failed attempt at mediation, the parties proceeded to a bench trial. In the first phase of the trial, the trial court was to make a determination as to whether plaintiffs had rebutted the presumption that defendant's decision to deny parenting time had not created a substantial risk of harm to VPL. The trial court heard testimony from several witnesses, including Heather Parise, plaintiffs' daughter; Dr. Richard Wooten, a forensic psychologist hired by plaintiffs; Arleen O'Nail, defendant's mother; plaintiffs; and defendant. The trial court found that plaintiffs had met their burden of proof in establishing, by a preponderance of the evidence, that defendant's decision to deny grandparenting time had created a substantial risk of harm to VPL's mental, physical, or emotional health. In the second phase of the trial, which was held following our remand, the trial court held that grandparenting time was in VPL's best interests. This appeal followed.

## II. STANDARD OF REVIEW

This Court must affirm a trial court's order concerning grandparenting time "unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Geering v King*, 320 Mich App 182, 188; 906 NW2d 214 (2017) (quotation marks and citation omitted). A trial court's findings of fact will be affirmed "unless the evidence clearly preponderate[s] in the opposite direction." *Id*. (quotation marks and citation omitted; alteration in original). A trial court abuses its discretion "when its decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Id*. (quotation marks and citation omitted). And "[a] court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Id*. (quotation marks and citation omitted).

## III. PARENTAL DECISION TO DENY GRANDPARENTING TIME

Defendant argues that the trial court erred by determining that her decision, as a fit parent, to deny grandparenting time created a substantial risk of harm to VPL's mental, physical, or emotional health. We disagree.

"Parents have a constitutionally protected right to make decisions about the care, custody, and management of their children." *Geering*, 320 Mich App at 188. In contrast, grandparents do not have a constitutionally protected right to grandparent visitation. *Brinkley v Brinkley*, 277 Mich App 23, 31; 742 NW2d 629 (2007). MCL 722.27b sets forth a limited set of circumstances under which a minor child's grandparents may seek an order for grandparenting time. Relevant here is MCL 722.27b(1)(c), which allows a child's grandparent to seek grandparenting time if "[t]he

---

[2] The record reflects that VPL had a history of seizures or seizure-like episodes.

child's parent who is a child of the grandparents is deceased." To "protect parents' fundamental liberty to make decisions about the care, custody, and management of their children," *Geering*, 320 Mich App at 189, in an action for grandparenting time, MCL 722.27b(4)(b) incorporates a rebuttable presumption: "In order to give deference to the decisions of fit parents, it is presumed in a proceeding under this subsection that a fit parent's decision to deny grandparenting time does not create a substantial risk of harm to the child's mental, physical, or emotional health." A fit parent is one who "adequately cares for his or her children." *Geering*, 320 Mich App at 191 (quotation marks and citation omitted).

In order to successfully rebut this presumption, a grandparent "must prove by a preponderance of the evidence that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health." MCL 722.27b(4)(b). If the grandparent fails to do so, the court must dismiss the action for grandparenting time. *Id*. The mere fact that grandparenting time would be beneficial to a child is not sufficient to overcome this presumption. See *Keenan v Dawson*, 275 Mich App 671, 682; 739 NW2d 681 (2007).

In this case, following the first phase of trial, the trial court issued a written opinion and order acknowledging the presumption outlined in MCL 722.27b(4)(b) and concluding that plaintiffs had successfully rebutted that presumption. In support of its decision, the trial court made a detailed record of its factual findings. It found that plaintiffs had a relationship with VPL throughout his entire life, took him to medical appointments and field trips, and were "loving, doting grandparents to VPL." The trial court also found that VPL enjoyed spending time with plaintiffs. The court also discussed defendant's testimony, stating that it "was full of upsetting statements" regarding plaintiffs' behavior toward her and VPL. The court devoted considerable discussion to the fact that defendant's testimony was not credible, concluding that it was "unreliable, self-contradicting, and problematic."

With regard to the substantial risk of harm to VPL's mental, physical, or emotional health, the trial court noted testimony from Dr. Wooten regarding "the detrimental effects of removing a grandparent who was an attachment figure (or caregiver) to the minor child, which can cause long-term impacts." It also noted Dr. Wooten's testimony that "it is more likely than not that a child would be negatively impacted and suffer emotional and/or psychological harm if he were deprived of his relationship with his grandparents who provided a positive attachment or bond to the child."

Dr. Wooten did testify that while he had met with plaintiffs, he did not meet with defendant or VPL. Dr. Wooten's specific concerns about defendant's parenting were based upon documents he reviewed, which indicated that defendant had previously "engaged in a domestic incident with the sister in which the police became involved" and that her parents had previously petitioned for guardianship of VPL, which they later rescinded. Dr. Wooten also acknowledged the limitations of his testimony, noting that he could not "predict anything" with regard to what would specifically happen to VPL, and that he could not opine as to VPL's best interests because he was not able to interview both sides to evaluate "issues like the fitness of the caregiver."

Aside from Dr. Wooten's testimony, the trial court considered other evidence regarding the risk of harm posed to VPL in the absence of grandparenting time. Heather testified that she had concerns about defendant's parenting, but that she could not speak to whether VPL suffered emotionally as a result of not being able to see plaintiffs. Arleen testified that defendant and VPL

-3-

had an appropriate mother-son relationship, but that she had concerns at times about defendant putting VPL's safety in jeopardy.

With regard to plaintiffs' testimony, plaintiff-grandmother stated that she believed defendant was a fit parent "[m]ost of the time," and that she did not have many concerns about her parenting. She testified that in one instance, VPL cried over the phone because he could not see plaintiffs. Plaintiff-grandmother stated that whether VPL suffered physical harm in the absence of grandparenting time "would depend on how [defendant] treats him," but she believed that VPL would "be upset" and cry. However, she did not know what VPL's state of mind was like currently, since their visits had ended in June 2021. Plaintiff-grandfather testified that VPL was "very upset" when he learned that he could no longer see his grandparents, because he cried on the phone with plaintiff-grandmother. However, plaintiff-grandfather acknowledged that there would be "[n]o physical harm" to VPL if he was denied grandparenting time.

On the other hand, defendant testified that VPL had not suffered any emotional or mental health issues since he stopped seeing plaintiffs in June 2021. According to defendant, VPL also did not ask to see plaintiffs or complain about not being able to see them.

Based on this testimony, including evidence that VPL was upset when he could not see plaintiffs, various witnesses' concerns about defendant's parenting, and the general principle that the removal of attachment figures could create a higher likelihood of damage to a child, we conclude that the evidence does not clearly preponderate against the trial court's determination that plaintiffs satisfied the rebuttable presumption. See *Geering*, 320 Mich App 188. Further, to the extent that defendant's testimony contradicted this evidence, this Court must defer to the trial court's credibility assessments. *Kuebler v Kuebler*, 346 Mich App 633, 680; 13 NW3d 339 (2023). The trial court's findings were not against the great weight of the evidence. *Id*. Accordingly, we affirm the trial court's holding that the presumption found in MCL 722.27b(4)(b) was rebutted by a preponderance of the evidence. See *Keenan*, 275 Mich App at 685 (order affirming grandparenting time in which the trial court recognized the plaintiffs' burden of proof regarding the fit-parent presumption, and concluded that the plaintiffs had met their burden, which was supported by the evidence).

IV. BEST-INTEREST DETERMINATION

Defendant also argues that the trial court erred by determining that grandparenting time was in VPL's best interests. We disagree.

If a grandparent successfully overcomes the presumption found in MCL 722.27b(4)(b), "the court shall consider whether it is in the best interests of the child to enter an order for grandparenting time." MCL 722.27b(6). The trial court must enter an order for reasonable grandparenting time "[i]f the court finds by a preponderance of the evidence that it is in the best interests of the child to enter a grandparenting time order . . . ." *Id*. A reasonable amount of grandparenting time is one that "would have eliminated the risk of harm to the child." *Falconer v Stamps*, 313 Mich App 598, 657; 886 NW2d 23 (2015).

In determining whether grandparenting time is in the best interests of the child, trial courts must consider the following factors:

(a) The love, affection, and other emotional ties existing between the grandparent and the child.

(b) The length and quality of the prior relationship between the child and the grandparent, the role performed by the grandparent, and the existing emotional ties of the child to the grandparent.

(c) The grandparent's moral fitness.

(d) The grandparent's mental and physical health.

(e) The child's reasonable preference, if the court considers the child to be of sufficient age to express a preference.

(f) The effect on the child of hostility between the grandparent and the parent of the child.

(g) The willingness of the grandparent, except in the case of abuse or neglect, to encourage a close relationship between the child and the parent or parents of the child.

(h) Any history of physical, emotional, or sexual abuse or neglect of any child by the grandparent.

(i) Whether the parent's decision to deny, or lack of an offer of, grandparenting time is related to the child's well-being or is for some other unrelated reason.

(j) Any other factor relevant to the physical and psychological well-being of the child. [MCL 722.27b(6)(a) through (j).]

Following the best-interests phase of trial, the trial court issued a written opinion and order, finding by a preponderance of the evidence that it was "in the best interests of the child for the court to enter an order for grandparenting time." As discussed in more detail below, the trial court credited seven of the best-interest factors to plaintiffs, including MCL 722.27b(6)(a), (b), (c), (f), (g), (i), and (j). Additionally, it found that MCL 722.27b(6)(d) and (h) were equally credited to defendant and plaintiffs, and it gave "appropriate weight" to MCL 722.27b(6)(e) after an *in camera* interview with VPL.

The trial court's findings regarding the best-interest factors were not against the great weight of the evidence. *Geering*, 320 Mich App at 188. Further, those findings supported the trial court's ultimate conclusion that grandparenting time was in VPL's best interests, as discussed below.

MCL 722.27b(6)(a) relates to "[t]he love, affection, and other emotional ties existing between the grandparent and the child." The trial court's findings on this factor were supported by testimony that there was a bond between plaintiffs and VPL and that VPL shared a close

relationship with plaintiffs. They acted lovingly towards each other, and showed affection to one another.

MCL 722.27b(6)(b) relates to "[t]he length and quality of the prior relationship between the child and the grandparent, the role performed by the grandparent, and the existing emotional ties." The trial court's findings on this factor were supported by testimony regarding the long prior relationship between VPL and plaintiffs, who were regularly involved in his life and lived with him for three months. Further, plaintiffs regularly acted as caregivers to VPL and took care of him when he was sick.

MCL 722.27b(6)(c) relates to the grandparents' "moral fitness." The trial court's findings on this factor were supported by testimony that plaintiff-grandmother tried to treat people with respect and that plaintiffs were regular churchgoers and considered themselves to be good role models.

MCL 722.27b(6)(f) relates to the effect of hostility between the parent and grandparents on the child. The trial court's findings on this factor were supported by Dr. Wooten's testimony that research suggests that grandparenting time should be increased when there is hostility between parties "to buffer the effects of that negativity between the adults." Plaintiff-grandmother also denied disparaging defendant in front of VPL, which testimony was bolstered by Heather's testimony that she did not hear plaintiffs speak badly about defendant. Defendant also testified that she tried to keep any appearance of hostility between her and plaintiffs away from VPL in order to not "put any pressure" on him.

MCL 722.27b(6)(g) relates to the willingness of a grandparent to encourage a close relationship between the child and his or her parent. The trial court's findings on this factor were supported by plaintiffs' testimony that they that believed that VPL and defendant should have a close relationship and their denial of any desire to sabotage that relationship.

MCL 722.27b(6)(i) relates to the reasons for a parent's decision to deny grandparenting time. The trial court properly found that this factor supported plaintiffs because defendant based her decision, in part, on plaintiffs being controlling and her fears that something would happen to VPL in their care, such as a seizure. However, plaintiffs had obtained appropriate medical care for VPL in the past, when required.

MCL 722.27b(6)(j) relates to "[a]ny other factor relevant to the physical and psychological well-being of the child." The trial court's findings on this factor were supported by plaintiffs' testimony that they would follow all of the parameters ordered for grandparenting time.

Further, the equally credited factors of MCL 722.27b(6)(d) (considering the grandparent's mental and physical health) and MCL 722.27b(6)(h) (considering the grandparent's history of abuse or neglect) do not weigh against plaintiffs, since the evidence supports that plaintiffs were in good health and there was no evidence presented regarding abuse or neglect. Regarding MCL 722.27(6)(e) (considering the child's reasonable preference), the trial court conducted an *in camera* interview of VPL and afforded it "appropriate weight," although it did not disclose VPL's preference.

Although defendant argues that the trial court ignored conflicts in the evidence presented in making its best-interests determination, her argument primarily involves a credibility contest between her testimony and the testimony of others. This Court must defer to the trial court's credibility assessments. *Kuebler*, 346 Mich App at 680.

Defendant also argues that the trial court erred by directly comparing her to plaintiffs in its best-interest analysis. Defendant cites no authority for the proposition that this was an error of law; further, defendant ignores that several of the best-interest factors directly require consideration of the parent in addition to the grandparents. See MCL 722.27b(6)(e) (considering the child's reasonable preference), MCL 722.27b(6)(f) (considering the effect of hostility between the parties on the child), MCL 722.27b(6)(i) (considering the parent's reasons for denying grandparenting time), MCL 722.27b(6)(j) (considering any other factor relevant to the physical and psychological well-being of the child). Defendant has not demonstrated that the trial court's findings were against the great weight of the evidence or identified any clear error of law or palpable abuse of discretion by the trial court. *Geering*, 320 Mich App at 188. Accordingly, we affirm the trial court's holding that grandparenting time was in VPL's best interests.

Affirmed.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Michelle M. Rick

-7-